UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMIL DISMUKE,<br><br>Defendant. | Case No. 26-cr-20460<br><br>Honorable Robert J. White |

**ORDER GRANTING JOINT MOTION FOR COMPETENCY EVALUATION (ECF No. 16)**

Plaintiff the United States of America (the Government) and Defendant Jamil Dismuke moved jointly for a competency evaluation of Dismuke pursuant to 18 U.S.C. §§ 4241–47. (ECF No. 16). The parties asserted that there is reasonable cause to believe that Dismuke "may be suffering from a mental disease or defect rendering him incompetent to stand trial." (*Id.* at PageID.38). Namely, Dismuke informed his counsel that he is experiencing serious mental health symptoms, including auditory hallucinations. (*Id.*). The purpose of the competency evaluation is to assess whether Dismuke can "understand the nature and consequences of the proceedings against him" or "assist properly in his defense." 18 U.S.C. § 4241(a).

The Court will grant the motion based on counsel's representations. The Court will order Dismuke into the custody of the Attorney General to undergo a

psychiatric or psychological examination to determine his competency to stand trial. Dismuke must submit to a psychiatric or psychological examination within forty-five days of the Court's order. The examination by the Bureau of Prisons must take place at a Federal Medical Facility.

The Court will set a hearing sixty days from the date of this order. The parties must file the psychiatric or psychological report with the Court before the hearing. *See* § 4241(b). The time between the entry of today's order until the final determination of Dismuke's competency to stand trial is excludable delay under the Speedy Trial Act. *See* 18 U.S.C. §§ 3161(h)(1)(A), (h)(1)(F), and (h)(4).

* * *

For the reasons given, the Court **ORDERS** that the joint motion for a competency evaluation (ECF No. 16) is **GRANTED**.

The Court **FURTHER ORDERS** that Dismuke must submit to the custody of the Attorney General for a psychiatric or psychological evaluation.

The Court **FURTHER ORDERS** that the examination shall take place at a Federal Medical Facility within forty-five days of the Court's order.

The Court **FURTHER ORDERS** that a psychiatric or psychological report shall be prepared by the examiner designated to conduct the psychiatric or psychological examination and that said report be filed with the Court with copies provided to counsel for the Government and Dismuke. The report shall include: (1)

Dismuke's history and present symptoms, if any; (2) a description of the psychiatric, psychological, or medical tests that were employed and the results; (3) the examiner's findings as to competency to proceed, as well as the examiner's opinions as to diagnosis and prognosis; and (4) a determination as to whether Dismuke presently suffers from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, including his ability to represent himself.

The Court **FURTHER ORDERS** that upon receipt of the examination report, Dismuke will be returned immediately to this Court so that a hearing may be conducted pursuant to 18 U.S.C. §§ 4241(c) and (d) to determine his competency to proceed.

The Court **FURTHER ORDERS** that a competency hearing is scheduled for sixty days from the date of this order.

The Court **FURTHER ORDERS** that the time period beginning from the filing date of this order through and including the date on which a final determination is made regarding whether Dismuke is competent to proceed, is hereby excluded under the Speedy Trial Act pursuant to the terms of 18 U.S.C. §§ 3161(h)(1)(A), (h)(1)(F), and (h)(4).

Dated: August 28, 2026

s/Robert J. White
Robert J. White
United States District Judge